IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDOLPH BAGGETT,

    Plaintiff,

v.                                                                                              4:13cv626-WS

C. WAYNE GREEN, et al.,

    Defendants.

_____

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Before the court is the magistrate judge's report and recommendation (doc. 35) docketed October 21, 2014. The magistrate judge recommends that the defendants' motion to dismiss be granted in part and denied in part. The plaintiff has filed objections (doc. 38) to the report and recommendation.

The plaintiff, an inmate in the Florida Department of Corrections, challenges the prison's Literature Review Committee's ("LRC") decision to ban the August, September, and October 2013 issues of Guitar World ("GW") from admission into the prison system. Florida Regulations provide that, when the LRC rejects a publication, the "warden or designee *shall* notify the inmate in writing on Form

DC5–101, Notice of Rejection or Impoundment of Publications, within 15 calendar days of receipt that the publication has been rejected by the department's literature review committee and cannot be received." Fla. Admin. Code r. 33–501.401(7) (emphasis added). If the inmate appeals the LRC's decision, "[a] copy of the Form DC5–101, Notice of Rejection or Impoundment of Publications, which documents the impoundment or rejection, *must* be attached to the grievance." *Id.* at r. 33–501.401(13)(b) (emphasis added). The grievance appeal "must be filed within 15 days from the date of impoundment or rejection." *Id.*

The plaintiff alleges that he did not receive notice of the LRC's rejection or impoundment of the August and October 2013 issues of GW. He alleges that, in fact, the August and October issues were delivered to him. As to the September issue, the plaintiff alleges that he received a "Notice of Impoundment" which led him to file an appeal as to that edition of GW. It is undisputed that the plaintiff did not file administrative appeals regarding the August and October 2013 editions.

The defendants moved to dismiss the plaintiff's claims relating to the rejection of the August and October 2013 editions of GW based on the plaintiff's failure to exhaust his administrative remedies. According to the magistrate judge, "the prison's failure to provide Plaintiff with a Form DC5–101 for the August and October 2013 editions of GW did not foreclose Plaintiff's ability to grieve the

matters." Because the plaintiff admittedly did not appeal the LRC's rejection of the August and October 2013 editions, the magistrate judge recommends that the defendants' motion to dismiss the plaintiff's claims as to these two issues be granted. He recommends that the defendants' motion to dismiss be otherwise denied.

In a footnote to his report and recommendation, the magistrate judge states that "[i]t is unclear from the record how [or when] Plaintiff became aware of these editions' rejection." In their motion to dismiss, the defendants do not address why the plaintiff should have known to file a timely appeal of the LRC's rejection or impoundment of the August and October 2013 GW editions when prison officials themselves failed to provide the plaintiff with the required notice of the LRC's action.

In his objections to the report and recommendation, the plaintiff explains:

> I received the August 2013 issue in the ordinary course of events. I had no idea it had been rejected. When I got the DC5–101 for the September 2013 issue, I appealed immediately, as I always do. Then I got the November 2013 issue without having received the October issue, so I went to the library to review the admissible reading material list. At that point, I learned that not only had the October issue been rejected, but so had the August issue. By then, I was far outside the [prison's 15-day] time frame.

The plaintiff contends that, because prison officials failed to provide him with the required DC5–101 form, notifying him in a timely manner that the August and October 2013 issues had been rejected, "the defendants made the grievance process unavailable to [him] on those issues."

The magistrate judge suggests that "Plaintiff could have filed the grievance without the Form DC5–101 and simply noted that he never received the formal notice." Additionally, the magistrate judge suggests that "Plaintiff could have filed an informal grievance under Rule 33–103.005 requesting that he be provided with a Form DC5–101 for each rejected edition so that he could properly grieve the matter." The defendants did not propose these as viable alternatives to the prescribed procedures, and it is anything but clear that the plaintiff should be expected to craft alternative procedures when prison officials themselves fail to provide the required notice which triggers the prescribed grievance procedure in the first place.

On the record before it, this court cannot conclude that the defendants are entitled to dismissal of the plaintiff's claims regarding the LRC's rejection of the August and October 2013 editions of GW. This court declines to adopt the magistrate judge's report and recommendation to the contrary. The court otherwise agrees with the magistrate judge's report and recommendation.

Accordingly, it is ORDERED:

1. With the exception of the discussion relating to exhaustion, the magistrate judge's report and recommendation (doc. 35) is ADOPTED and incorporated by reference into this order.

2. The defendants' motion to dismiss (doc. 27) the plaintiff's amended complaint is DENIED.

3. The clerk shall return the case to the magistrate judge for further proceedings.

DONE AND ORDERED this   15th   day of   December  , 2014.


s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE